■ The People of the State of New York, Respondent, v Robert C. Felton, Appellant. [850 NYS2d 318]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 16, 2006. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of driving while intoxicated as a felony

(Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]). Contrary to the contention of defendant, Supreme Court's *Sandoval* ruling does not constitute an abuse of discretion. Pursuant to that ruling, the court determined that defendant could be cross-examined concerning a prior conviction of boating while intoxicated involving conduct that occurred a few years prior to the arrest that led to the conviction on this appeal while the court excluded several other driving while intoxicated convictions (*see generally People v Hagin*, 238 AD2d 714, 716 [1997], *lv denied* 90 NY2d 894 [1997]). In any event, any error in the court's *Sandoval* ruling is harmless. The record reflects that defendant did not testify based on the *Sandoval* ruling but, "assuming that he *did* testify, there was simply no possibility—let alone a significant probability—that his testimony would have led to an acquittal" (*People v Grant*, 7 NY3d 421, 425 [2006]). Defendant further contends that he was deprived of effective assistance of counsel because defense counsel was unable to limit the scope of potential cross-examination. Although "[a] single error may qualify as ineffective assistance," here there was no such error (*People v Caban*, 5 NY3d 143, 152 [2005]). Defense counsel objected to the potential cross-examination and, in any event, we have concluded herein that the court's *Sandoval* ruling was proper. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.